**Muhammad KHALIL, Plaintiff–Appellant,**

v.

**Mr. Paul M. LAIRD, Warden, Mr. Justin Andrews, Associate Warden, Mr. R. Schoenfelder, Captain, Mr. J. McDevitt, Chaplain, Mr. Hoenig, Rabbi, Mr. Gagliardi, Miss J. Anderson, Counselor Unit H52, Ex–Unit Manager, Mr. V. Alcoser, W. Laundry Ex–Supervisor, Mr. S. Benett, Defendants–Appellees.**

No. 08–3644–pr.

United States Court of Appeals, Second Circuit.

Nov. 19, 2009.

Muhammad Khalil, pro se, Brooklyn, NY.

Benton J. Campbell, United States Attorney, and Margaret Kolbe and Tiana A. Demas, Assistant United States Attorneys, Eastern District of New York, Brooklyn, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Muhammad Khalil, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York entered after the District Court dismissed this action for lack of subject matter jurisdiction. Khalil brought this action seeking declaratory and injunctive relief for alleged violations of his constitutional rights and those of other Muslim inmates at the federal Metropolitan Detention Center ("MDC") in Brooklyn, New York. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

Khalil was released from prison while this action was pending in the District Court. The District Court determined that, because Khalil was no longer housed in the MDC, Khalil's claims were moot and the Court lacked subject matter jurisdiction. We agree. When Khalil was released from prison, he no longer had a "continuing personal stake" in the outcome of this action, and his claims were rendered moot. *Muhammad v. City of N.Y. Dep't of Corr.*, 126 F.3d 119, 123 (2d Cir. 1997). Although a prisoner who has been released from a prison facility might, under some circumstances, be able to assert claims in a representative capacity on behalf of other inmates still housed in the facility, *see id.* at 124, Khalil may not do so here because Khalil is proceeding *pro se* and a *"pro se* litigant ... is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir.2000) (citing 28 U.S.C. § 1654); *see also Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). Accordingly, Khalil's claims are moot and the District Court correctly dismissed this action for lack of subject matter jurisdiction.

We have considered all of Khalil's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the reasons set forth above, the July 17, 2008 judgment of the District Court is **AFFIRMED.**